(39 Misc. Rep. 189.)

JOHNSON v. COHN.

(Supreme Court, Special Term, New York County. November, 1902.)

1. BANKRUPTCY—PREFERENTIAL TRANSFER—RECOVERY.

　　Where a creditor, within four months of his debtor's filing a petition in bankruptcy, and at a time when his property is insufficient to pay his debts, takes a transfer which he has reason to believe is intended as a preference, and it is in fact such, the trustee in bankruptcy of the debtor may recover of the creditor the transferred property or its value.

¶ 1. See Bankruptcy, vol. 6, Cent. Dig. §§ 256, 257.

**2. SAME.**

Where a transfer by an insolvent was made within four months of filing his petition in bankruptcy, with intent to defraud his creditors, and the creditor knew this, he loses any consideration which he may have paid for the transfer.

Action by Henry C. Johnson, trustee in bankruptcy of Jacob Kleiner, against Pesach Cohn, to set aside a transfer. Judgment for plaintiff.

Case & Newkirk, for plaintiff.

L. J. Rosett, for defendant.

GILDERSLEEVE, J. On January 18, 1901, one Jacob Kleiner transferred all of his business to the defendant, Pesach Cohn. Less than four months thereafter, viz., on April 30, 1901, the said Kleiner filed a petition in bankruptcy. On May 22, 1901, the plaintiff, Henry C. Johnson, was appointed trustee of the estate of said Kleiner. On September 4, 1901, said Kleiner was adjudged a bankrupt. The plaintiff, as such trustee in bankruptcy, brings this action to recover the value of the property transferred, on the ground that the defendant accepted a preference, within the meaning of the bankruptcy act, and on the ground that the transfer was made to hinder, delay, and defraud the creditors of the bankrupt.

The bankruptcy act, in section 67, subd. "e" [U. S. Comp. St. 1901, p. 3449], provides that:

"All * * * transfers * * * made or given by a person, adjudged a bankrupt, * * * within four months prior to the filing of the petition, with the intent and purpose on his part to hinder, delay or defraud his creditors, or any of them, shall be null and void as against the creditors of such debtor, except as to purchasers in good faith and for a present fair consideration; and all the property of the debtor conveyed, transferred, assigned or incumbered, as aforesaid, shall, if he be adjudged a bankrupt, and the same is not exempt from execution and liability for debts by the law of his domicile, be and remain a part of the assets and estate of the bankrupt and shall pass to his said trustee, whose duty it shall be to recover and reclaim the same by legal proceedings or otherwise for the benefit of the creditors."

Again, in section 60 [U. S. Comp. St. 1901, p. 3445] the said act provides as follows, viz.:

"(a) A person shall be deemed to have given a preference, if, being insolvent, he has procured or suffered a judgment to be entered against himself in favor of any person, or made a transfer of any of his property, and the effect of the enforcement of such judgment or transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class. (b) If a bankrupt shall have given a preference within four months before the filing of a petition, or after the filing of the petition and before the adjudication, and the person receiving it, or to be benefited thereby, or his agent acting therein, shall have had reasonable cause to believe that it was intended thereby to give a preference, it shall be voidable by the trustee, and he may recover the property or its value from such person."

Again, in section 1, subd. 15 [U. S. Comp. St. 1901, p. 3419], the said act provides that:

"A person shall be deemed insolvent within the provisions of this act, whenever the aggregate of his property (exclusive of any property which he

.may have conveyed, transferred, concealed, or removed, or permitted to be concealed or removed, with intent to defraud, hinder or delay his creditors), .shall not, at a fair valuation, be sufficient in amount to pay his debts."

In the case at bar the plaintiff seems to have relied upon the claim of preference, rather than upon the bankrupt's alleged intent to hinder, delay, or defraud his creditors. To establish this claim of preference, it was necessary for plaintiff to prove that the bankrupt was insolvent at the time of the transfer, which was made, as we have seen, within four months previous to the filing of the petition in bankruptcy, and intended to give an advantage to one creditor over the others, and also that the defendant actually received a preference by obtaining a greater percentage of his debt than any other of the creditors of the same class, and also that the defendant had reasonable cause to believe that the said Kleiner was insolvent at the time of the transfer, and intended to give an advantage to one creditor over the others. That the defendant obtained a greater percentage of his debt than any other of the creditors of the same class appears to be conceded, as he seems not only to have been paid in full, but to have received practically all of the bankrupt's property. The claim of Kleiner's insolvency at the time of the transfer is also satisfactorily shown. As we have seen, the statute provides that one is insolvent, within the meaning of the act, when his property, exclusive of that which has been wrongfully concealed or transferred or removed, is not sufficient, at a fair valuation, to pay his debts. Bankr. Act, § 1, subd. 15 [U. S. Comp. St. 1901, p. 3419]. The bankrupt admitted at the trial that he had no assets beyond those transferred to defendant, which were valued at $1,000, subject to a mortgage of $600, making the total value not more than .$1,600, whereas he was in debt to an amount of about $3,500. And in fact it appears to be practically conceded that the bankrupt was insolvent at the time of making the transfer.

There remains, therefore, but one further fact to be proved, in order to establish plaintiff's claim of a preference, viz., reasonable cause on the part of the defendant for believing that the said Kleiner was insolvent at the time of the transfer, and intended to give an advantage to one creditor over the others by such transfer. The question for determination in an action brought to invalidate the transfer on the ground of preference is not whether the transferee had actual knowledge, or even belief, of the intent to give a perference, but whether the transferee, as a business man, acting with ordinary prudence, sagacity, and discretion, had reasonable cause to believe that the debtor was insolvent, and intended by the transfer to give an advantage to one creditor over the others. Coll. Bankr. 343, 344. If the facts within the knowledge of the transferee are of such a nature as in reason to put him upon inquiry, and to excite the suspicion of an ordinarily prudent person, and if he fails to make investigation, he will be chargeable with that knowledge which a reasonable inquiry, as suggested by the facts, would have revealed. The bankrupt swore in supplementary proceedings that he sold his business to defendant Cohn for $1,000, that he owed Cohn at the time of the transfer $400, and that Cohn gave him $600 in cash, as the difference between the

debt and the value of the property. After stating that he owed about
$3,000 at the time of the transfer to Cohn, the bankrupt says:

"Cohn knew that I owed money. He did not ask me about it, and I did
not tell him. I only told him I was short and could not carry on the busi-
ness, and therefore wanted to sell the property."

It appears that the defendant was on rather intimate terms with
Kleiner, and had had other dealings with him, in loaning him money.
I incline to the opinion that the defendant had sufficient cause to
put him on inquiry, and that he is chargeable with that knowledge
which a reasonable inquiry, as suggested by the facts, would have
revealed. His intimacy with the bankrupt and his previous trans-
actions with him would suggest the probability that a reasonable
inquiry would have revealed to defendant the insolvency of Kleiner,
and his intent to give defendant an advantage over the other credit-
ors. The claim of a preference, within the meaning of the statute
above quoted, has been satisfactorily established. The defendant,
however, urges that, even so, the antecedent debt of $400 alone is
affected, for the reason that the remaining $600 paid by the defendant
for the property was "a present fair consideration," within the mean-
ing of section 67, subd. "e" [U. S. Comp. St. 1901, p. 3449], above
quoted, and that defendant was a purchaser in good faith, and con-
sequently comes within the exception mentioned in said section 67,
even if the transfer was made by the bankrupt with intent to hinder,
delay, or defraud his creditors. It is the claim of defendant that, as
preferences arise only in cases of antecedent debts (see Coll. Bankr.
355, 356), the plaintiff can, at most, recover the $400 allowed in pay-
ment of the antecedent debt upon the sale of the property to the
defendant, unless the plaintiff has established an intent on the part
of the bankrupt to hinder, delay, or defraud his other creditors by
the transfer, and has shown that defendant had knowledge of such
intent. This intent and knowledge, defendant urges, have not been
proved. The testimony shows, as we have seen, that Kleiner trans-
ferred practically all of his property to defendant, for $600 in cash
and the cancellation of an antecedent debt of $400, at a time when
he owed over $3,000 to other creditors, and less than four months
thereafter he filed a petition in bankruptcy, having previously spent
the said $600. From the whole conduct of Kleiner, the conclusion
must be drawn that he made this transfer "with intent and purpose
on his part to hinder, delay or defraud his creditors" other than de-
fendant, within the meaning of the statute, and consequently such
transfer was null and void as against the creditors, "except as to a
purchaser in good faith and for a present fair consideration." Bankr.
Law, § 67, subd. "e" [U. S. Comp. St. 1901, p. 3449]. Was defendant
a purchaser in good faith? In determining the bona fides of a pur-
chaser, for a valuable consideration, of land alleged to have been sold
in fraud of the rights of third parties, the court of appeals held that
the question "is not whether the purchaser could have discovered
the existence of any fraud by an inquiry, but it is whether, acting as
an ordinary prudent person would have done, he was called upon,
under the circumstances, to make inquiry." See Anderson v. Blood,
152 N. Y. 285, 46 N. E. 493, 57 Am. St. Rep. 515. As I have above

stated, the defendant in the case at bar had sufficient reason to put him on inquiry, which inquiry, under the circumstances disclosed, would have revealed the fraudulent intent of the bankrupt in transferring all his property to defendant for $600 cash at a time when he was insolvent. I am of opinion that defendant is chargeable with knowledge of the fraud of Kleiner by which he profited. The plaintiff is entitled to judgment setting aside the transfer from Kleiner to defendant, and to a recovery of the property so transferred, or its value, for the benefit of the creditors of Kleiner, together with the costs of the action.

Judgment for plaintiff.